Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave
Santa Ana, CA 92705

Ph: (949) 427-2010
Fax: (949) 427-2732
athursby@ghidottilaw.com

Attorney for Secured Creditor
U.S. Bank Trust National Association as
Trustee of the Bungalow Series III Trust

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>BILLY JAMES PHILLIPS<br><br>    Debtor. | CASE NO.: 18-41947<br><br>CHAPTER 13<br><br>RS No.: MRG-100<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: December 5, 2018<br>Time: 9:30 a.m.<br>Ctrm: 220<br>Place: U.S. Bankruptcy Court<br>       1300 Clay Street<br>       Oakland, CA 94612<br><br>Judge: William Lafferty |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust National Association as Trustee of the Bungalow Series III Trust, its successors and/or assignees by and through its undersigned attorney, moves this Court for termination of all stays and injunctions, pursuant to 11 U.S.C. §362(d) and 105 and Federal Rules of Bankruptcy Procedure 4001 and 9014 and regarding the real property commonly known 2248 East 22nd Street, Oakland, CA 94606, ("Property" herein).

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities and incorporated herein by this reference.

Pursuant to 11 U.S.C. §362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved the repeated filing of bankruptcy petitions.

Secured Creditor holds the original promissory Note dated 3/26/2007, in the principal amount of $250,000, which is secured by a Deed of Trust of the same date and is signed by the Debtor.

Debtor filed a previous bankruptcy petition in the above-entitled Court on 9/7/2016 as Case Number 16-42508. The Court entered an Order dismissing the case for failure to file information on 5/18/2010. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "6"**.

Debtor filed a previous bankruptcy petition in the above-entitled Court on 1/9/2017 as Case Number 17-40055. The Court entered an Order dismissing the case for failure to file information on 1/26/2017. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "6"**.

Debtor filed a previous bankruptcy petition in the above-entitled Court on 3/14/2017 as Case Number 17-40702. The Court entered an Order dismissing the case for failure to make plan payments on 4/26/2018. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "6"**.

Debtor filed a previous bankruptcy petition in the above-entitled Court on 6/30/2018 as Case Number 18-41524. The Court entered an Order dismissing the case for failure to make plan payments on 8/17/2018. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "6"**.

Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved the repeated filing of bankruptcy petitions. A scheme is an "intentional artful plot or plan to delay, hinder or defraud creditors." *Turnkey,* at 8, citing *Duncan & Forbes, Dev., Inc.,* 368 B.R. 27 (Bankr. C.D. Cal. 2006). A scheme may be inferred from circumstantial evidence. *Id.* Here the scheme involved the repeated filing of bankruptcy petitions, which were often dismissed shortly after filing because the debtor failed to file information. Given these facts, it can be inferred as the case law allows that a scheme to delay, hinder, or defraud exists.

On or about 8/22/2018, Debtor filed a Voluntary Petition under Chapter 13 of the Bankrutpcy Code. Prusuant to 11 U.S.C. §362, the Petition stays the commencement or continuantion of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor. This Court has jurisdiction pursuant to 28 U.S.C. §1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

Pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the Property. Failure to make mortgage payments in a Chapter 13 can constitute cause for lifing the stay. The Debtor has the burdent of showing there is no cause to terminate the stay. *In re Ellis,* 60 B.R. 432 (9th Circ. BAP 1985). Where cause is shown, courts have no discretion, but msut grant relief. *In re Ford,* 36 B.R. 501 (Dt 1983). Movant is not receiving regular monthly post-petition payments. Debtor is currently post-petition due for 9/1/2018.

As of 10/25/2018, the amount required to fully reinstate Debtor's loan post-petition is approximately

| | | | | | |
|---|---|---|---|---|---|
| Monthly payments: | 2 | at | $1,674.78 | $ | 3,349.56 |
| Bankruptcy Attorney Fee: | | | | $ | 850.00 |
| Bankruptcy Filing Fee: | | | | $ | 181.00 |
| **Total Delinquencies:** | | | | **$** | **4,380.56** |

The sums set forth in this motion do not include any late charges, escrow advances, or other fees and charges that might otherwise be included in the event that a payoff is requested or provided.

The next scheduled monthly payment of $1,674.78 is due 11/1/2018, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(4).

Dated: October 25, 2018                LAW OFFICES OF MICHELLE GHIDOTTI

                                       /s/ Adam Thursby
                                       Adam Thursby, Esq.
                                       U.S. Bank Trust National Association as
                                       Trustee of the Bungalow Series III Trust